UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-294-GWU

BILLY BROCK,                                                                                              PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

Brock

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Brock

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

### DISCUSSION

The plaintiff, Billy Brock, filed his current application for DIB on May 12, 2003. (Tr. 66-71).  After hearing the plaintiff's testimony and reviewing the evidence, an Administrative Law Judge (ALJ) concluded that Mr. Brock did not have a "severe" impairment, thus denying the application at Step Three of the Garner analysis.  (Tr. 46-8).  The Appeals Council declined to review, and this action followed.

On appeal, this court must decide whether the administrative decision is supported by substantial evidence.

Mr. Brock had previously filed DIB applications in 2000 and 2001, both of which were denied in decisions by ALJs, most recently on September 24, 2002.  (Tr.

34-48).  The ALJ in the September 24, 2002 administrative decision found that the plaintiff had certain medically determinable impairments, but that none of them were "severe," singly or in combination   (Tr. 46-8), a finding that was subsequently affirmed by this court. Brock v. Barnhart, London Civil Action No. 03-364 (E.D. Ky. May 19, 2004).  (Tr. 148-55). The ALJ in the present case applied res judicata through the date of the most recent administrative decision, and Mr. Brock's Date Last Insured (DLI) was December 31, 2002, meaning that he was required to show disability existing in the narrow time frame between the two dates in order to be entitled to benefits.

Mr. Brock alleged disability due to constant lower back pain (Tr. 77), although at the administrative hearing, he also described right ankle pain, high blood pressure and related headaches, dizziness, and blurred vision, and anxiety/depression.  (Tr. 317-21).

Medical evidence from the relevant period is limited.  In February, 2002, the plaintiff was examined by his treating physician, Dr. Roy Varghese, for complaints of back pain existing for one week, which had gotten somewhat better, and high blood pressure. (Tr. 161, 292).  Dr. Varghese found back tenderness and positive straight leg raising on both sides, with a blood pressure of 146/99, but an x-ray was unremarkable other than showing some disc space narrowing and "six non-rib barring lumbar vertebrae," and, significantly, a subsequent CT scan of the lumbar

spine was reported as negative (Tr. 159, 184, 286). Dr. Varghese advised "lifestyle modifications," including losing weight and exercising, and the use of Motrin and Robaxin. (Tr. 159). In July, the medication Nexium was added for acid reflux, and a medication was also prescribed for high blood pressure. (Tr. 158). Although Dr. Varghese indicated that "papers" had been filled out for Social Security, no restrictions from this source were submitted. (Id.). A registered nurse practitioner at Dr. Varghese's office examined the plaintiff on November 8, 2002, within the relevant period, primarily for a complaint of a bump on the right ankle which was painful "after hunting and long walks." (Tr. 156). X-rays of the right ankle were normal (Tr. 183) , and the bump was diagnosed as a "fatty cyst;" it was suggested that Mr. Brock slowly gain endurance by walking every day. (Tr. 157). He was given medication for high blood pressure and samples of pain medication. (Id.). No functional restrictions are given.

From a psychological standpoint, Mr. Brock submitted evidence from outpatient mental health provider Kentucky River Community Care (KRCC), beginning in 2000, when he was diagnosed by the staff psychiatrist with a dysthymic disorder and given medications. (E.g., Tr. 268-9). In June, 2002, he reported that he was doing fairly well on the medication Remeron. (Tr. 233). On September 25, 2002, the first day of the relevant period in the present application, Mr. Brock stated that he was having bad dreams, had difficulty sleeping, and felt irritable, but by

Brock

November 6, 2002, he reported improvement. (Tr. 229-30). His medication was changed to Zoloft, with which the psychiatrist noted in January, 2003 that he was "doing better." (Tr. 226). No functional restrictions or Global Assessment of Functioning score was given.

State agency psychologists who reviewed the evidence in June and August 2003 concluded that the plaintiff did not have a "severe" mental impairment. (Tr. 187, 201, 205).

Although the plaintiff showed that he had diagnoses of certain conditions, he failed to show any restrictions flowing from his high blood pressure, acid reflux, back pain, or ankle pain, even assuming that they could not have been controlled with medication. The mere diagnosis of a condition says nothing about its severity. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988). Likewise, the only opinions from professional sources regarding his psychological complaints indicated that the impairments were not "severe." Thus, substantial evidence supports the administrative determination under the guidelines in Farris, supra.

The decision will be affirmed.

This the 18th day of April, 2007.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**

6